IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RICHARD COLE, BRADFORD COLE, CARY JUSTICE, MICHAEL MASSEY, and DON WEGENER, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated, <br><br> v. <br><br> AMERICAN SPECIALTY HEALTH NETWORK, INC.; AMERICAN SPECIALTY HEALTH, INC.; CIGNA CORPORATION, INC.,; JOHN DOES A, B, & C; and JANE DOES A, B, & C, <br><br> Defendants. | Case No: 3:17-cv-00013 <br><br> Judge Waverly D. Crenshaw <br> Magistrate Judge Jeffery S. Frensley |

## JOINT PROPOSED INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

**A.   JURISDICTION:**

**Plaintiffs' Position:** Jurisdiction is based upon 28 USC §1331, §1332(a), §1332(d), §1367 and 18 USC §1964(c).

All parties are subject to this Court's jurisdiction.

**Defendants' Position**: Cigna Corporation is a holding company that is not engaged in the business of insuring or providing administrative services to healthcare benefits plans in the State of Tennessee and has been misnamed as a party. The real parties at interest in this case are Connecticut General Life Insurance Company, which is a Connecticut company with its principal place of business in Connecticut that does business nationally, and Cigna Healthcare of Tennessee, Inc., which is a Tennessee corporation with its principal place of business in Tennessee. When the correct parties are named in this action, the parties will not be completely

diverse and as a result federal diversity jurisdiction pursuant to 1332(a) will no longer be a basis for this Court's jurisdiction. The Court does, however, have jurisdiction pursuant to 28 USC § 1332(d) because Plaintiffs assert class claims seeking more than $5,000,000 in damages and class members are residents of a state different from at least one Defendant.

### B. BRIEF THEORIES OF THE PARTIES:

**Plaintiffs' Theory of the Case:** Plaintiffs are chiropractic physicians that were contracted with CIGNA, and CIGNA required that these physicians "shall" execute an agreement with ASHN, a third party network review company, in order to maintain in network status with CIGNA, and that the CIGNA contract would be "suspended" until further notice. Such is a contract of adhesion, and ultimately subjected Plaintiffs to a new fee schedule, new submission requirements, and a company, ASHN, using out of state reviewers to process claims untimely, in violation of Tennessee law, and some claims remain unpaid. Plaintiffs suffer continuing damages at the hands of CIGNA and ASHN for these actions, in the form of lesser payments for the same services, the bundling of services together (for instance, x-rays or patient treatments), so that only one payment is made, regardless of the work performed. Plaintiffs will be able to show that the contract of adhesion was forced upon them, with no ability to change the terms, or bargain, by CIGNA, and CIGNA had no authority to suspend its contract with them and require them to contract with ASHN in order to avoid the payment of claims at the contracted rate.

**Defendants' Theory of the Case:**

This case was originally filed October 20, 2014 before Judge Todd J. Campbell of the Middle District of Tennessee, Case No. 3:14-cv-02022. On April 16, 2015, the Court issued an Order (*see* Case No. 3:14-cv-02022, Doc. No. 44) dismissing eight of Plaintiffs' nine claims with

prejudice. Plaintiffs filed a notice of dismissal without prejudice of the remaining claim pursuant to Fed. R. Civ. P. 41(a)(1)(A), which the Court granted on January 6, 2016. (Case No. 3:14-cv-02022, Doc. Nos. 63, 70.) One year to the day later, on January 6, 2017, Plaintiffs resurrected this action by filing substantially the same complaint they filed in 2014, minus the eight claims that were dismissed in the previous action. (Doc. No. 1.) Plaintiffs' only claim is for Contract of Adhesion.

Plaintiffs' contract of adhesion claim fails for several reasons. First, adhesion is not a *claim* but an affirmative defense to contract enforcement. Tennessee (like the overwhelming majority of states) does *not* recognize adhesion as a free-standing cause of action, much less allow plaintiffs to recover monetary damages for a non-existent claim.

Second, even if there were such a thing as an adhesion claim (and there is not), Plaintiffs have failed to plead it: the contracts between Cigna and Plaintiffs specifically authorized the conduct about which Plaintiffs now complain, and Cigna and ASH also fully disclosed the existence of the contractual changes to Plaintiffs' relationship with Cigna before they entered into the new agreements.

Third, Plaintiffs have not even pled that the contract that they signed was in fact one of adhesion, nor could they, given Plaintiffs' many other options for patients, including contracting with other commercial and government payors and seeing Cigna plan members on an out-of-network basis.

Fourth, in Tennessee, adhesion contracts are still enforceable even if they are adhesive unless they are *also* unconscionable, and Plaintiffs offer no facts to suggest that the contract at issue here was unconscionable.

Fifth, the factual predicate underlying Plaintiffs' claim--that they were required to sign a "contract" with ASH prior to knowing about or having received the full terms of that contract--is belied both by the documents Plaintiffs attach to their complaint and Plaintiffs' prior admissions.

In addition to the defects in the merits of Plaintiffs' claim, Plaintiffs' class cannot be certified under Fed. R. Civ. P. Rule 23, including because Plaintiffs' contract of adhesion claims are dependent on individualized questions of fact.

    **C.**    **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.**    **ISSUES STILL IN DISPUTE:** All other issues.

    **E.**    **INITIAL DISCLOSURES:** The Parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 45 days of the initial case management conference, or no later than May 12, 2017.

    **F.**    **CASE RESOLUTION PLAN AND JOINT ADR REPORTS:** The Parties shall schedule an attempt to resolve the matter within 120 days of the initial case management conference. If this initial attempt is unsuccessful, the Parties will schedule a second attempt to resolve the matter no later than the deadline for filing dispositive motions. By no later than 60 days after the first attempt to settle the matter, the Parties shall submit a joint report to advise the Court of the Parties' good faith efforts to resolve the case. The joint report shall also state whether the Parties request referral of the case for ADR. An updated joint report, including whether the Parties request referral of the case for ADR, shall be filed no later than sixty (60) days in advance of the deadline for the filing of dispositive motions (set forth below).

    **G.**    **DISCOVERY:** The Parties have agreed to the following schedule for the completion of all written discovery and depositions of non-expert witnesses:

## Written Fact Discovery and Document Production

i. The deadline to serve all written discovery requests pursuant to Federal Rules of Civil Procedure 33 and 34 is July 6, 2017.

ii. The deadline to respond or object to written discovery requests and to start a rolling production of documents is August 23, 2017.

iii. The deadline to meet and confer regarding any objections with respect to written discovery requests is September 6, 2017.

iv. The deadline to submit to the Court any unresolved disputes regarding objections to the written discovery requests is October 6, 2017.

v. The deadline for the Parties to substantially complete their rolling productions of documents and interrogatory responses, including their responses to any requests for production or interrogatories for which their objections have been overruled, is April 6, 2018.

vi. The deadline for the Parties to complete the exchange of all privilege logs is May 7, 2018.

vii. The deadline for the Parties to meet and confer regarding any unresolved disputes regarding substantive responses or document productions to written discovery is June 6, 2018.

viii. The deadline for the Parties to file any motions regarding written discovery is July 6, 2018.

## Non-Expert Deposition Discovery

ix. The deadline for the Parties to provide a list of all fact witnesses they wish to depose is April 13, 2018.

x. The deadline for the completion of fact depositions is July 13, 2018.

xi. The deadline for the close of fact discovery is July 13, 2018.

Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be filed in accordance with the practices of the Magistrate Judge, who will resolve all disputes.

**H. MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add Parties shall be filed by no later than three months from the date of the initial case management conference, or June 28, 2017.

**I. DISCLOSURE OF EXPERTS AND EXPERT DISCOVERY:** Plaintiffs shall identify and disclose all expert witnesses and expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2) by August 13, 2018, and Defendants shall identify and disclose all expert witnesses and expert reports pursuant to that same rule by September 13, 2018. The deadline for the completion of expert depositions and the close of expert discovery is October 15, 2018. No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

**J. DISPOSITIVE MOTIONS AND MOTIONS FOR CLASS CERTIFICATION:** Dispositive motions shall be filed as follows: Motions for summary judgment and any motion for class certification shall be filed no later than November 13, 2018. Responses to dispositive motions and motions for class certification shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion or a motion for class certification shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the opposition and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the Parties, counsel and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

**K.  ELECTRONIC DISCOVERY:** The Parties anticipate that much of the documentary discovery in this case will involve information in electronic format. Such documents may include financial records relating to claims payments and damages. Each party has taken steps to preserve electronic information that may be relevant to this litigation, including the issuance of a "litigation hold" to relevant personnel. At this time, it is anticipated that electronically stored information will be produced in native format. The Parties have discussed and will present the court with a form electronic discovery protocol governing the production of electronic documents and data in the litigation, as well as a protective order regarding confidential information within sixty (60) days of the date of the initial case management conference.

If the Parties seek to file any document under seal, they shall follow the procedures set forth in Administrative Order No. 167, ¶ 5.07. Any motion for leave to file under seal shall specify the party's grounds for seeking the requested relief.

**L.  SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A subsequent case management conference shall be held on _____, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

**M.  ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The jury trial of this action is expected to last approximately five (5) days. A trial date no earlier than six months from the end of dispositive briefing, or July 13, 2019, is respectfully requested.

It is so ORDERED:

_____
Jeffrey S. Frensley
United States Magistrate Judge

Dated: _____

cc: All counsel
      Clerk's Office

| | |
|---|---|
| */s/ Amber Griffin Shaw* <br> J. Houston Gordon, BPR 7523 <br> Lyle Reid, BPR 07779 <br> Amber Griffin Shaw, BPR 026337 <br> LAW OFFICE OF J. HOUSTON GORDON <br> Suite 300, Hotel Lindo Building <br> 114 West Liberty Avenue <br> P. O. Box 846 <br> Covington, TN 38019-0846 <br> lawjhg@comcast.net <br> P: (901) 476-7100 <br> F: (901) 476-3537 | */s/ T. Harold Pinkley* <br> T. Harold Pinkley, BPR 09830 <br> Amanda Haynes Young, BPR 015472 <br> Valerie Diden Moore, BPR 031593 <br> BUTLER SNOW LLP <br> 150 Third Avenue South, Suite 1600 <br> Nashville, TN 37201 <br> harold.pinkley@butlersnow.com <br> mandy.young@butlersnow.com <br> valerie.moore@butlersnow.com <br> P: (615) 651-6700 <br> F: (615) 651-6701 <br><br> Joshua B. Simon (admitted pro hac vice) <br> Warren Haskel (admitted pro hac vice) <br> KIRKLAND & ELLIS LLP <br> 601 Lexington Ave. <br> New York, NY 10022 <br> joshua.simon@kirkland.com <br> warren.haskel@kirkland.com <br> P: (212) 446-4800 <br> F: (212) 446-4900 <br><br> *Attorneys for Defendant Cigna Corp.* |

and

*/s/ Britt K. Latham*
Britt K. Latham, BPR 23149
Meredith M. Thompson, BPR 25536
BASS BERRY & SIMS PLC
150 Third Ave. South, Suite 2800
Nashville, Tennessee 37201-3001
P: (615) 742-6200
F: (615) 742-0442
blatham@bassberry.com
mthompson@bassberry.com

Elizabeth D. Mann (admitted pro hac vice)
Andrew Z. Edelstein (admitted pro hac vice)
MAYER BROWN, LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
P: (213) 229-9500
F: (213) 625-0248
emann@mayerbrown.com
aedelstein@mayerbrown.com

*Attorneys for Defendants American Specialty Health Network, Inc. and American Specialty Health, Inc.*