UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD COLE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00013 |
| ) | CHIEF JUDGE CRENSHAW |
| AMERICAN SPECIALTY ) | |
| HEALTH, INC., *et al.*, ) | |
| ) | |
| Defendants. | |

## ORDER

Before the Court are Defendants' Unopposed Motions to Dismiss. (Doc. No. 26, 28); See M.D. Tenn. L.R. 7.01(b) (failure to respond to a motion indicates a lack of opposition to the motion). The only claim in the Complaint is a "contract of adhesion" under Tennessee law. (Doc. No. 1 at 46.) However, Tennessee law does not recognize a claim for contract of adhesion. Wallace v. Nat'l Bank of Comm., 938 S.W.2d 684, 688 (Tenn. 1996) (recognizing that an adhesive contract generally is enforceable). As such, Defendants' Unopposed Motions to Dismiss (Doc. Nos. 26, 28) are **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE**. The July 8, 2019 pretrial conference and July 16, 2019 trial are **CANCELED**.

The Motion for Leave to File Document Under Seal does not meet the standard for sealing a document set forth in Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299, 305-06 (6th Cir. 2016) (citing Baxter Inter'l, Inc. v. Abbott Labs., 297 F.3d 544, 548 (6th Cir. 2002)), and is **DENIED WITHOUT PREJUDICE**. Defendants may re-file this motion within fourteen days, setting forth reasons with citations as to why the information in the confidential contract should be under seal when filed in a federal court. The exhibits in Docket Entry 27 will be unsealed in fourteen days absent a motion by Defendants.

The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE